Vanderveer v. Zoning Board of Appeals Town of East Hampton

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of August, two thousand twenty-one.

PRESENT:

RENNA RAGGI,
DENNY CHIN,
MICHAEL H. PARK,
*Circuit Judges.*

DONALD A. VANDERVEER,

*Plaintiff-Appellant*,

v.            20-4252

ZONING BOARD OF APPEALS TOWN OF EAST HAMPTON, JOHN P. WHELAN, Zoning Board of Appeals Chairperson, SAMUEL KRAMER, Zoning Board of Appeals Chairperson, ROY DALENE, Member of The Town of East Hampton Zoning Board of Appeals, THERESA BERGER, Member of The Town of East Hampton Zoning Board of Appeals, TIM BRENNEMAN, Member of The Town of East Hampton Zoning Board of Appeals, ANN M. GLENNON, Town of East Hampton Principal Building Inspector, ELIZABETH L. BALDWIN, Assistant East Hampton Town Attorney, TOWN OF EAST HAMPTON,

*Defendants-Appellees.*

**FOR PLAINTIFF-APPELLANT:** PATRICIA WEISS, Law Office of Patricia Weiss, Esq., Sag Harbor, NY.

**FOR DEFENDANTS-APPELLEES:** SCOTT J. KREPPEIN, Devitt Spellman Barrett, LLP, Smithtown, NY.

Appeal from the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on December 2, 2020, is **AFFIRMED**.

This case concerns a land-use dispute in the Town of East Hampton, N.Y. (the "Town"), where plaintiff-appellant Donald Vanderveer owns a four-acre lot with a barn. In 2012—over fifty years after the Town enacted its first zoning ordinance and designated Vanderveer's property as residential—Vanderveer started leasing space on his property to a landscaping company. After the Town prosecuted Vanderveer for misdemeanor violations of its zoning ordinance, convictions eventually vacated, Vanderveer applied to the Town's building inspector for recognition of a pre-existing nonconforming use. *See People v. Vanderveer*, No. 2016-256 S CR, 2021 WL 1618053, at *2 (N.Y. App. Term Apr. 22, 2021). The building inspector ruled against Vanderveer, and the Town's Zoning Board of Appeals (the "ZBA") and the Suffolk County Supreme Court affirmed. Vanderveer then sued in federal court, alleging that the Town, the ZBA, and several of its officials (together, "Defendants") violated the Takings, Equal Protection, and Due Process Clauses. *See* U.S. Const. amends. V, XIV. The district court granted Defendants' motion to dismiss for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), and denied Vanderveer's cross-motion for a

preliminary injunction. On appeal, Vanderveer argues that the district court erred in dismissing each of his claims and requests that we grant him a preliminary injunction and certify questions to the New York Court of Appeals. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"We review *de novo* a district court's dismissal of a complaint under Rule 12(b)(6)." *Mayor of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013). In so doing, "we accept all factual allegations as true and draw every reasonable inference from those facts in the plaintiff's favor." *Id.*

1. Takings Clause

First, Vanderveer contends that the Town's zoning regulations violated his rights under the Takings Clause. Where, as here, the government "imposes regulations that restrict an owner's ability to use his own property," we "generally appl[y] the flexible test developed in *Penn Central*, balancing factors such as [1] the economic impact of the regulation, [2] its interference with reasonable investment-backed expectations, and [3] the character of the government action." *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2071–72 (2021) (citing *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978)).

Vanderveer's claim fails under this framework. As an initial matter, he is prohibited from using his property for commercial use, and so the ordinance likely carries at least some economic impact. Nevertheless, Vanderveer is permitted to develop the lot residentially, and it maintains significant value. *See Murr v. Wisconsin*, 137 S. Ct. 1933, 1949 (2017) (finding that "the economic impact of the regulation is [not] severe" because, *inter alia*, the plaintiffs "can use the property for residential purposes"). Further, Vanderveer's $12,000 annual earnings from his

commercial use are just a fraction of the value of the property, which is listed for tax purposes as exceeding $300,000 in every year he has rented it. And the Supreme Court has concluded that where regulations diminish a property's value by less than 10%, the economic impact felt by plaintiff is not sufficiently severe to constitute a taking. *Id.* at 1942 ("The expert appraisal relied upon by the state courts [which found the value of the property would be reduced by less than 10%] refutes any claim that the economic impact of the regulation is severe."). Accordingly, Vanderveer failed to plausibly allege that the economic impact of Defendants' actions could support a Takings Clause claim. Vanderveer also failed to plausibly allege that Defendants interfered with Vanderveer's reasonable, investment-backed expectations. Vanderveer submits that his "payment of taxes, and clearing growth for vehicle turn around routes, and cleared storage areas, adequately demonstrates an investment backed expectation." Appellant's Br. at 27. But the cost of clearing growth is *de minimis*, and tax payments are not an "investment." Moreover, even if they could be considered substantial investments, they would not be "reasonable" ones in light of the zoning ordinance, which went into effect long before Vanderveer inherited the property. The third *Penn Central* factor—the character of the Town's action—likewise favors Defendants because the ordinance at issue is merely a "public program adjusting the benefits and burdens of economic life to promote the common good." *Penn Central*, 438 U.S. at 124. Accordingly, Vanderveer has failed to state a Takings Clause claim.

2. Equal Protection Clause

Second, Vanderveer claims that the district court erred in dismissing his equal protection claim. To plausibly state that an otherwise valid law was applied in a manner that violated the Equal Protection Clause, Vanderveer must allege "that []he has been intentionally treated

differently from others similarly situated" and either (1) "there is no rational basis for the difference in treatment," *Analytical Diagnostic Labs, Inc. v. Kusel*, 626 F.3d 135, 140 (2d Cir. 2010) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)) (describing a "class of one" claim), or (2) "that such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person," *Wandering Dago, Inc. v. Destito*, 879 F.3d 20, 40 (2d Cir. 2018) (internal quotation marks omitted) (describing a "selective-enforcement" claim). Vanderveer's claim fails under either standard because he has not identified any reasonably similar comparators. Vanderveer focuses on 38 School Street, but that property is distinguishable. It runs adjacent to commonly owned parcels for which the owners obtained a certificate for a pre-existing "residence and tool shed" over fifty years before Vanderveer applied for his permit. App'x at 256.

Vanderveer also avers that the district court erred by dismissing his equal protection claim without granting him leave to amend. He submits that he could be more "specific in describing the [property located at 38 School Street] as [a] 'roughly equivalent'" comparator. Appellant's Br. at 34. But the lack of detail is not why that property is an inadequate comparator. Vanderveer has not "identified [any] additional facts or legal theories—either on appeal or to the District Court—[that he] might assert if given leave to amend," and so the district court did not err in dismissing his suit without granting him leave to amend. *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 188 (2d Cir. 2014); *see also, e.g.*, *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) ("[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to

replead is rightfully denied.").

3.  Due Process Clause

Finally, Vanderveer raises two Due Process Clause claims, neither of which is availing. First, Vanderveer contends that the Town violated his due process rights by "fail[ing] to afford [him] an opportunity for cross-examination of adverse witnesses" at the ZBA's administrative hearing. Appellant's Br. at 41. In evaluating whether a procedure violates due process, we consider: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Here, even construing the facts in Vanderveer's favor, the second and third factors weigh against Vanderveer and outweigh his private interest. Vanderveer's application was subject to three levels of review: (1) submission of a written application and evidence to the Town Building Inspector, (2) administrative review by the ZBA, which held a hearing at which Vanderveer and others were permitted to speak and present evidence, and (3) judicial review under Article 78 in the Suffolk County Supreme Court. These procedures greatly reduced the likelihood of erroneous deprivation. *See, e.g.*, *Bens BBQ, Inc. v. County of Suffolk*, No. 20-3254, 2021 WL 1748480, at *3 (2d Cir. May 4, 2021) ("In the circumstances of this case, the written appeal process in addition to the availability of the Article 78 proceeding reduces the risk of erroneous deprivation such that the *Mathews* test does not require additional procedures."). In any event, Vanderveer's complaint about the lack of cross-examination at the ZBA's administrative hearing is unwarranted. The

6

ZBA did not rely on a credibility determination, and there is no reason to believe that cross-examination would have affected its result. To the contrary, the ZBA based its decision on "extremely compelling" evidence that Vanderveer did not clear his property or use it for outdoor storage (or any nonconforming use) until 2013, including aerial photographs of the property. *See* App'x at 81.

Second, Vanderveer argues that the lack of defined terms for "'Commercial' & 'Abandonment'" renders the Town Code unconstitutionally vague. Appellant's Br. at 35. We disagree that the Code "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits." *Cunney v. Bd. of Trs.*, 660 F.3d 612, 621 (2d Cir. 2011) (quoting *Hill v. Colorado*, 530 U.S. 703, 732 (2000)). The Town Code provides a clear definition for "abandonment." *See* East Hampton Town Code § 255-1-40(d). And the term "commercial" is commonly used and sufficiently definite in this context. *Cf. Cunney*, 660 F.3d at 620 ("The relevant inquiry . . . is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." (internal quotation marks omitted)). Moreover, it is obvious that leasing property to a landscaping company to store its lawn mowers, trucks, and trailers is a "commercial" use. *See* App'x at 501-02.

Thus, we conclude that the district court correctly dismissed Vanderveer's claims and did not abuse its discretion in denying him a preliminary injunction. Further, because he has not raised any unsettled issues of state law, we deny his motion to certify questions to the New York Court of Appeals.

We have considered Vanderveer's remaining arguments and conclude that they are without merit. For the foregoing reasons, we **DENY** Vanderveer's motion for certification to the New

7

York Court of Appeals and **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court